UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

D. M.,
a Massachusetts citizen and resident,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
corporation d/b/a NORWEGIAN
CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff D. M.[1], a Massachusetts citizen and resident, and files this Complaint against Defendant, NCL (BAHAMAS) LTD, a Bermuda corporation with its principal place of business in Florida, doing business as NORWEGIAN CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, D. M., is *sui juris* and is a permanent resident and citizen of Massachusetts.

3. Defendant NCL (BAHAMAS) LTD. is a Bermuda corporation with its principal place of business in Miami, Miami-Dade County, Florida.  At all material times Defendant NCL

---

[1] Due to the nature of the allegations set forth below, involving claims of sexual assault, D.M. is proceeding in this case using her initials.  The Defendant is aware of D.M.'s full name, having been advised of her full name and claims before suit, including by the pre-suit notice letter referenced in Paragraph 9.

(BAHAMAS) LTD. has done business under the fictitious name "NORWEGIAN CRUISE LINES" (hereinafter "NORWEGIAN" or "Defendant"). For federal jurisdictional purposes, NORWEGIAN is both a citizen of Bermuda and a citizen of Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; Plaintiff is a resident and citizen of the State of Massachusetts, while Defendant is a citizen both of Florida and of Bermuda for jurisdictional purposes. The damages claimed as alleged below, including damages from the sexual assault alleged below, exceed $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases.

5. At all material times, NORWEGIAN has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8. The Defendant's principal place of business is located in Miami Dade County Florida. Accordingly, venue is proper in this Court.

9. Plaintiff has complied with all conditions precedent to bringing this action including providing NORWEGIAN with timely written notice of claim as required by the ticket

contract. A copy of the written notice of claim, dated July 27, 2023, with D.M.'s full name redacted to initials is attached hereto as *Exhibit A*.

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "PEARL."

11. At all material times, the Plaintiff was a fare-paying passenger on board the "PEARL" and in that capacity was lawfully present on board the vessel.

12. On or about July 8, 2023, at approximately 2:00 a.m. ship's time, while Plaintiff was aboard the "PEARL," she left the casino and stepped into the elevator on Deck 6 for the purpose of going back to her stateroom. A fellow passenger, one Salem Christopher Diop, followed her into the elevator and pushed her against the elevator wall. He then physically and sexually attacked, assaulted and battered Plaintiff.

13. At all material times, the Defendant owed the Plaintiff, as a fare paying passenger aboard its cruise vessel, a duty of reasonable care for her safety and security.

14. At all material times, the Defendant knew or, in the exercise of reasonable care, should have known that passengers, especially unescorted females such as D.M., patronizing onboard facilities, such as the casino, late at night would require a reasonable level of security and supervision when proceeding from the Defendant's casino to their staterooms, to provide reasonably adequate safety and security for those female passengers.

15. At all material times, the Defendant knew or, in the exercise of reasonable care, should have known that there was a risk of crime on the Defendant's vessels in general, including but not limited to rape, sexual assault, and/or sexual battery.

16. Defendant alone was in control of all casinos, elevators, and public walkways on board the "PEARL." Female passengers such as the Plaintiff had no opportunity to provide for their own security and safety from physical and sexual attacks in the elevators aboard the Defendant's vessel. Defendant knew or should have known to exercise reasonable care in order to provide such safety and security to passengers including unescorted women returning to staterooms after leaving the casino late at night.

17. Furthermore, Defendant knew, or in the exercise of reasonable care, should have known of the need to provide reasonable safety and security to female passengers onboard its vessels during the late evening hours due to prior substantially similar incidents that occurred other on vessels within the Defendant's control. For example, on July 29, 2015, J.M. was sexually assaulted by a fellow passenger in the late hours of the night while aboard the Defendant's vessel, the "GEM." *Meyer v. NCL (Bahamas) LTD.*, 1:16-cv-23238-KMW.

18. At all material times, the sexual assault upon Plaintiff was reasonably foreseeable to Defendant, and Defendant was in a superior position to appreciate such dangers and had the authority and control needed to undertake all available necessary measures to prevent harm to its passengers.

19. At all material times, the Defendant failed to exercise reasonable care, and was thereby negligent, in one or more of the following ways:

    a. Failing to police, patrol, guard, deter and otherwise provide adequate protection and security for its passengers, when the Defendant knew or should have known of crimes upon Defendant's vessel, including late night assaults at or near adult entertainment facilities;

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

    b.    There were an inadequate number of crewmembers and security personnel to supervise passengers onboard and at the ship's casino;

    c.    Crewmembers supervising passengers onboard and at the ship's casino were inadequately trained to perform their duty of supervision;

    d.    Crewmembers supervising passengers onboard and at the casino were insufficiently attentive to the behavior, needs, status and circumstances of the passengers leaving to and from the casino;

    e.    Crewmembers supervising passengers onboard and at the ship's casino insufficiently monitored the behavior, needs, status and circumstances of the passengers they were supervising;

    f.    Crewmembers supervising passengers onboard and at ship's casino were insufficiently attentive to the behavior, needs, status and circumstances of Plaintiff;

    g.    The Defendant made inadequate arrangements for the safe and secure return of the passengers to their individual staterooms, or other safe location after leaving the casino late at night;

    h.    The Defendant failed to deploy a sufficient number of security personnel to ensure the safe return of the Plaintiff to her stateroom in light of Defendant's actual or constructive knowledge of the known risks and dangers associated with unescorted single females leaving the casino late at night;

5

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

i. Failing to implement adequate security policies, security measures, and security procedures necessary to protect Plaintiff, and other passengers, from sexual assault while using the vessel's elevators;

j. Failing to train its security personnel and undertake additional enhanced security measures after being on actual or constructive notice that the security measures in force were inadequate;

k. The Defendant at all material times failed to adopt or update as necessary reasonably needed policies, procedures, training, and education for passengers appropriate for providing foreseeably needed security services to passengers specifically where alcoholic beverages are served under the unique circumstances existing in cruise ship casinos;

l. The Defendant at all material times failed to adopt or update as necessary proper protocols, policies and procedures for providing security services to passengers in the evening hours;

m. The Defendant at all material times failed to implement proper protocols, policies and procedures for providing security services to passengers;

n. The Defendant at all material times failed to implement reasonably careful protocols, policies and procedures for providing security services to passengers, especially unescorted single women leaving the casino late at night;

o. The Defendant at all material times failed adequately to train its security personnel and other crew members in the requirements and procedures for adequate, safe and secure supervision of passengers traversing the vessel

    late at night, including unescorted female passengers returning to their staterooms from the casino;

p. The Defendant at all material times failed adequately to warn passengers, including Plaintiff concerning the past history of sexual assault on board its vessels, and those of other cruise companies known to Defendant, and further failed to warn passengers to undertake appropriate precautions to prevent, deter or minimize risks of such assaults.

q. The Defendant, at all material times, failed to maintain adequate video surveillance of shipboard facilities and or failed to deploy an adequate number of security cameras in passenger hallways as needed to provide a reasonably safe level of security for passengers.

r. The Defendant otherwise failed to exercise reasonable care to provide a reasonable level of safety and security on board its vessels, to deter against criminal attacks on their vessels, including the "PEARL";

s. The Defendant failed to implement policies and procedures to screen passengers for history of violence and criminal backgrounds and other potential violent crimes; and/or

t. Additional negligent acts not yet discovered.

20. As a direct and proximate result of one or more of the Defendant's negligent acts the sexual assault and battery referenced in Paragraph 12 occurred and Plaintiff thereby sustained injuries in and about her body and extremities, suffered pain therefrom, sustained mental anguish and emotional and psychological pain and suffering, sustained disability and the inability to lead a normal life, and aggravation or activation of preexisting injuries. Plaintiff also incurred

7

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

expenses for medical treatment, mental health and behavioral counseling, psychological services and out of pocket expenses for her care and treatment, the future the future medical and mental health care expenses being reasonably certain to occur. Furthermore, the Plaintiff lost earnings or earning capacity and will sustain a loss of earning capacity in the future. These damages are permanent or continuing in their nature, and Plaintiff will continue to sustain and incur such compensatory damages in the future.

**WHEREFORE**, the Plaintiff, D.M., requests judgment in her favor for compensatory damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: June 7, 2024

          */s/PHILIP M. GERSON*
          PHILIP M. GERSON
          Florida Bar No. 127290
          pgerson@gslawusa.com
          filing@gslawusa.com
          NICHOLAS I. GERSON
          Florida Bar No. 0020899
          ngerson@gslawusa.com
          EDWARD S. SCHWARTZ
          Florida Bar No. 346721
          eschwartz@gslawusa.com
          DAVID L. MARKEL
          Florida Bar No. 78306
          dmarkel@gslawusa.com
          STEPHEN P. MATHENY
          Florida Bar No. 1049813
          smatheny@gslawusa.com
          **GERSON & SCHWARTZ, P.A.**
          1980 Coral Way
          Miami, Florida 33145
          Telephone:   (305) 371-6000
          Facsimile:    (305) 371-5749
          *Attorneys for Plaintiff*